UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILDAWN DESIGN LLC,

                     Plaintiff,

          v.

DAD GANG CO LLC,

                     Defendant.

CASE NO. 3:25-cv-05277-DGE

ORDER ON PLAINTIFF'S
MOTION TO WITHDRAW AS
COUNSEL (DKT. NO. 33)

Before the Court is Plaintiff's motion for an order permitting Philip P. Mann, counsel for Plaintiff, to withdraw as counsel.  (Dkt. No. 33.)  Mr. Mann has "recently been informed of a serious medical condition" that will require a "significant surgery" in July of this year.  (*Id.* at 3.) He states in his professional judgment he is no longer able to provide effective representation to Plaintiff and that Plaintiff is aware and has already begun to search for substitute counsel.[1]  (*Id.*)

---

[1] Though there was a second attorney of record for Plaintiff listed on the docket named John David Du Wors, Mr. Du Wors was disbarred from practicing before this Court on March 5, 2026.  *See In re John David Du Wors*, Case No. 2:26-rd-00001-DGE, Dkt. No. 3; (*see also* Dkt. No. 35 at 3).  Mr. Du Wors will be removed from the docket as an attorney of record.

ORDER ON PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL (DKT. NO. 33) - 1

Further, Plaintiff asserts Defendant will not be prejudiced because the discovery deadline is not for another five months, "principal witnesses are very few in number," and trial is nearly ten months away. (*Id.*) Defendant "does not oppose reasonable withdrawal procedures or appropriate accommodations relating to counsel's stated medical circumstances." (Dkt. No. 34 at 1.)

Local Civil Rule 83.2(b)(1) sets forth the conditions under which an attorney may withdraw from representation in a civil case:

> No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3). Leave shall be obtained by filing a motion or a stipulation and proposed order for withdrawal or, if appropriate in a criminal case, by complying with the requirement of CrR 5(g). A motion for withdrawal shall be noted in accordance with LCR 7(d)(3) or CrR 12(b) (criminal cases) and shall include a certification that the motion was served on the client and opposing counsel. A stipulation and proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party. If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number. The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case, and at the discretion of the court in a criminal case.

In deciding a motion to withdraw, courts in this district examine factors including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Wagner v. King Cnty.*, Case No. 2:21-cv-00508-TL, 2022 WL 268831, at *1 (W.D. Wash. Jan. 28, 2022) (citation omitted). District courts have discretion to approve or deny a motion to withdraw as counsel. *McNall v. Pac. Ret. Servs., Inc.*, 859 Fed. App'x 48, 49 (9th Cir. 2021) ("We review for an abuse of discretion a district court's ruling on an attorney's motion to withdraw.").

ORDER ON PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL (DKT. NO. 33) - 2

Here, Plaintiff, Defendant, and all counsel of record have been notified of Mr. Mann's motion. (Dkt. No. 33 at 4.) Further, Mr. Mann certified that he notified Plaintiff that it is required to be represented by counsel pursuant to Local Civil Rule 83.2(b)(4). The discovery deadline in the case is set for November 25, 2026, which is approximately five months away. (*See* Dkt. No. 28.) Dispositive motions are not due until December 21, 2026 (*id.*), which provides the parties ample time to conduct discovery and prepare motions as needed. From what the Court can determine, it does not appear that Mr. Mann's withdrawal at this point in the litigation will prejudice either party, nor will it delay the resolution of the case in any significant way. Moreover, the basis for the request appears significant and that Mr. Mann's ability to proceed as an attorney in this manner has been substantially impacted.

Accordingly, the Court GRANTS Plaintiff's motion for withdrawal of attorney Philip P. Mann (Dkt. No. 33). The Clerk shall update the docket to reflect the withdrawal of both Mr. Mann and Mr. Du Wors. Because the granting of this motion leaves Plaintiff unrepresented in this matter, Plaintiff is ORDERED to find substitute counsel and substitute counsel SHALL enter a notice of appearance no less than **30 days** from the date of this order (on or before **July 27, 2026**).

Furthermore, Local Civil Rule 83.2(b)(4) identifies that "[a] business entity . . . must be represented by counsel." Failure to obtain representation may result in "entry of default against the business entity as to any claims of other parties." *Id.* Therefore, if substitute counsel fails to enter a notice of appearance on Plaintiff's behalf as ordered herein, the Court will dismiss the claims without prejudice for failure to prosecute.

ORDER ON PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL (DKT. NO. 33) - 3

Mr. Mann is ORDERED to file on the docket confirmation that he has delivered or caused to be delivered a copy of this order to Plaintiff.  Such confirmation shall be filed no later than Monday, June 29, 2026.

The Clerk is directed to calendar the events in this order.

Dated this 26th day of June 2026.

David G. Estudillo
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL (DKT. NO. 33) - 4